# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No.: 2016-023180-CA-01

JOSE GALDAMEZ
and other similarly situated employees,

      Plaintiff (s),

vs.

AVENTURA KOSHER KINGDOM, INC.,
a Florida Profit Corporation and
MICHAEL EINHORN, Individually.

      Defendants.

_____/

## AMENDED COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, the Plaintiff, JOSE GALDAMEZ ("Plaintiff"), on behalf of himself and other current and former similarly situated employees, by and through undersigned counsel, hereby files this amended Complaint against Defendants AVENTURA KOSHER KINGDOM, INC.,

a Florida Profit Corporation and MICHAEL EINHORN, Individually (Collectively "Defendants") and states as follows:

### JURISDICTION

1. This is an action by the Plaintiff and other similarly-situated employees for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to

recover unpaid overtime and/or minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, AVENTURA KOSHER KINGDOM., INC having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, MICHAEL EINHORN., is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, AVENTURA KOSHER KINGDOM INC.

6. Venue is proper in Miami Dade County because all of the actions that form the basis of this Amended Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff JOSE GALDAMEZ was employed by Defendant from approximately January 6, 2016 to April 2016, as a non-exempt employee.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. During the time period referenced above, Defendant failed to compensate Plaintiff the required overtime and/or minimum wages at a rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week.

12. Plaintiff claims there are other similarly situated current and former employees working, or previously working, for Defendants/Defendant.

13. Plaintiff and other similarly-situated current and former employees performed similarly duties for Defendants/Defendant and were subject to similar policies as to compensation.

14. Plaintiff and other similarly-situated current and former employees of Defendants/Defendant would benefit from joining this collective action alleged herein.

15. During the relevant time period Plaintiff JOSE GALDAMEZ performed approximately twenty (20) hours of overtime each week for which Defendants failed to pay Plaintiff at one-and-one-half times his regular rate of pay.

16. During the relevant time period Plaintiff was paid thirteen ($13.00) for hours worked every week.

17. At all times material hereto Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

18. Therefore, Plaintiff JOSE GALDAMEZ's overtime rate is $19.50 [$13.00 (hourly rate) (x) 1.5=$19.50]. Plaintiff seeks this rate for each of Plaintiff's approximate twenty (20) hours of overtime weekly.

19. As such, Plaintiff is owed approximately $6,240.00 [$19.50 (overtime rate) (x) 20 (hours of overtime) (x) 16 weeks in unliquidated overtime wages).

20. Therefore, from on or about January 6, 2016 to April 2016, Plaintiff is owed approximately $6,240.00 in unpaid unliquidated overtime wages, plus an additional equal amount as liquidated damages, totaling $12,480.00.

## COUNT I
### Wage & Hour Federal Statutory Violation Against
### AVENTURA KOSHER KINGDOM INC

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this amended complaint as if set out in full herein.

22. This action is brought by Plaintiff and other similarly-situated employees to recover from Defendant unpaid overtime and/or minimum wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207(a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

23. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

24. At all times pertinent to this amended Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the

United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

25. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

26. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

27. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

28. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

29. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime and/or minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the

commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

30. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and/or minimum wages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and/or minimum wages compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

F. Plaintiff is requesting punitive damages;

G. Grant Plaintiff a Trial by Jury.

**COUNT II**
*Wage & Hour Federal Statutory Violation Against MICHAEL EINHORN*
*(Non-Payment of Wages)*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20, of this amended Complaint as if set out in full herein.

32. At the times mentioned, Defendant **EINHORN** was, and is now, a corporate officer of corporate Defendant **AVENTURA KOSHER KINGDOM INC.**

33. Defendant **EINHORN** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Defendant **EINHORN** acted directly in the interests of the corporate Defendant-employer in relation to the employees of the corporate Defendant-employer, including Plaintiff.

34. The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"[1]

35. Based on this broad definition, Defendant **EINHORN,** in his status as a corporate officer with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for unpaid wages."[2]

36. Defendant **EINHORN** willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages.

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant **EINHORN:**

A. Adjudge and decree that Defendant **EINHORN** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant **EINHORN** is an individual with operational control and is, thus, jointly and severally liable under the FLSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with

---

[1] *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)
[2] *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir.1986)

interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated ___10-12-16___

Respectfully submitted,

**Jason S. Remer, Esq.**
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No. 2016-023180-CA-01

JOSE GALDAMEZ
and other similarly situated employees,

      Plaintiff (s),

vs.

AVENTURA KOSHER KINGDOM, INC.,
a Florida Profit Corporation and
MICHAEL EINHORN, Individually.

      Defendants.

_____/

## AMENDED SUMMONS IN A CIVIL CASE

**TO:** AVENTURA KOSHER KINGDOM INC, through its Registered Agent:

EINHORN, PHILIP
3017 AVENTURA BLVD
AVENTURA, FL 33180

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      JASON S. REMER, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the amended complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                 DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No.:2016-023180-CA-01

JOSE GALDAMEZ
and other similarly situated employees,

       Plaintiff (s),

vs.

AVENTURA KOSHER KINGDOM, INC.,
a Florida Profit Corporation and
MICHAEL EINHORN, Individually.

       Defendants.

_____/

## AMENDED SUMMONS IN A CIVIL CASE

**TO:** MICHAEL EINHORN

3017 AVENTURA BLVD.
MIAMI, FL 33180

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

       JASON S. REMER, ESQ.
       REMER & GEORGES-PIERRE, PLLC.
       44 WEST FLAGLER STREET
       SUITE 2200
       MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the amended complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                   DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No. 2016 - 023180 - CA-01

JOSE GALDAMEZ
and other similarly situated employees,

       Plaintiff (s),

vs.

AVENTURA KOSHER KINGDOM, INC.,
a Florida Profit Corporation and
MICHAEL EINHORN, Individually.

       Defendants.

_____/

9/26/16
7:15 pm
FT
12:44

## SUMMONS IN A CIVIL CASE

TO: AVENTURA KOSHER KINGDOM INC, through its Registered Agent:

EINHORN, PHILIP
3017 AVENTURA BLVD
AVENTURA, FL 33180

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

       JASON S. REMER, ESQ.
       REMER & GEORGES-PIERRE, PLLC.
       44 WEST FLAGLER STREET
       SUITE 2200
       MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

MONICA I. VALDES

CLERK        SEP 1 4 2016       DATE

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No. 2016 - 023180 -04 -01

JOSE GALDAMEZ
and other similarly situated employees,

       Plaintiff (s),

vs.

AVENTURA KOSHER KINGDOM, INC.,
a Florida Profit Corporation and
MICHAEL EINHORN, Individually.

       Defendants.

_____/

## COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, the Plaintiff, JOSE GALDAMEZ ("Plaintiff"), on behalf of himself and other current and former similarly situated employees, by and through undersigned counsel, hereby files this Complaint against Defendants AVENTURA KOSHER KINGDOM, INC., a Florida Profit Corporation and MICHAEL EINHORN, Individually (Collectively "Defendants") and states as follows:

### JURISDICTION

1. This is an action by the Plaintiff and other similarly-situated employees for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime and/or minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, AVENTURA KOSHER KINGDOM., INC having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, MICHAEL EINHORN., is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, AVENTURA KOSHER KINGDOM INC.

6. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff JOSE GALDAMEZ was employed by Defendant from approximately January 6, 2016 to February 2016, as a non-exempt employee.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would

be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. During the time period referenced above, Defendant failed to compensate Plaintiff the required overtime and/or minimum wages at a rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week.

12. Plaintiff claims there are other similarly situated current and former employees working, or previously working, for Defendants/Defendant.

13. Plaintiff and other similarly-situated current and former employees performed similarly duties for Defendants/Defendant and were subject to similar policies as to compensation.

14. Plaintiff and other similarly-situated current and former employees of Defendants/Defendant would benefit from joining this collective action alleged herein.

15. During the relevant time period Plaintiff JOSE GALDAMEZ performed approximately twenty (20) hours of overtime each week for which Defendants failed to pay Plaintiff at one-and-one-half times his regular rate of pay.

16. During the relevant time period Plaintiff was paid thirteen ($13.00) for hours worked every week.

17. At all times material hereto Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

18. Therefore, Plaintiff JOSE GALDAMEZ's overtime rate is $19.50 [$13.00 (hourly rate) (x) 1.5=$19.50]. Plaintiff seeks this rate for each of Plaintiff's approximate twenty (20) hours of overtime weekly.

19. As such, Plaintiff is owed approximately $1,170.00 [$19.50 (overtime rate) (x) 20 (hours of overtime) (x) 3 weeks in unliquidated overtime wages).

20. Therefore, from on or about January 6, 2016 to February 2016, Plaintiff is owed approximately $1,170.00 in unpaid unliquidated overtime wages, plus an additional equal amount as liquidated damages, totaling $2,340.00.

### COUNT I
#### Wage & Hour Federal Statutory Violation Against
#### AVENTURA KOSHER KINGDOM INC

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

22. This action is brought by Plaintiff and other similarly-situated employees to recover from Defendant unpaid overtime and/or minimum wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207(a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

23. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

24. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state

lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

25. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

26. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

27. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

28. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

29. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime and/or minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

30. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and/or minimum wages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and/or minimum wages compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

F. Plaintiff is requesting punitive damages;

G. Grant Plaintiff a Trial by Jury.

### COUNT II
*Wage & Hour Federal Statutory Violation Against MICHAEL EINHORN*
*(Non-Payment of Wages)*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20, of this Complaint as if set out in full herein.

32. At the times mentioned, Defendant **EINHORN** was, and is now, a corporate officer of corporate Defendant **AVENTURA KOSHER KINGDOM INC.**

33. Defendant **EINHORN** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Defendant **EINHORN** acted directly in the interests of the corporate Defendant-employer in relation to the employees of the corporate Defendant-employer, including Plaintiff.

34. The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"[1]

35. Based on this broad definition, Defendant **EINHORN,** in his status as a corporate officer with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for unpaid wages."[2]

36. Defendant **EINHORN** willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages.

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant **EINHORN:**

A. Adjudge and decree that Defendant **EINHORN** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant **EINHORN** is an individual with operational control and is, thus, jointly and severally liable under the FLSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

---

[1] *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)
[2] *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir.1986)

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _____ 9-6-16 _____

Respectfully submitted;

_____

**Jason S. Remer, Esq.**
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN

I, _Jose Galdamez_ hereby consent, in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act, to become a party plaintiff in this action against my employer, _Aroma market & catering KOSHER Kingdom_ and to be represented by the attorneys of REMER & GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

Sign Name: _____   Date: _6/30/6_

Print Name: _Jose Galdamez_

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No. 2016-023180-CA - 01

JOSE GALDAMEZ
and other similarly situated employees,

      Plaintiff (s),

vs.

AVENTURA KOSHER KINGDOM, INC.,
a Florida Profit Corporation and
MICHAEL EINHORN, Individually.

      Defendants.

_____/

9/26/19
7:47 pm
5/12 pm

## SUMMONS IN A CIVIL CASE

TO: MICHAEL EINHORN

3017 AVENTURA BLVD.
MIAMI, FL 33180

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      JASON S. REMER, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                         DATE
        SEP 1 4 2016
_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No. 2016 - 023180 · CA -01

JOSE GALDAMEZ
and other similarly situated employees,

     Plaintiff (s),

vs.

AVENTURA KOSHER KINGDOM, INC.,
a Florida Profit Corporation and
MICHAEL EINHORN, Individually.

     Defendants.

_____/

## COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, the Plaintiff, JOSE GALDAMEZ ("Plaintiff"), on behalf of himself and

other current and former similarly situated employees, by and through undersigned counsel,

hereby files this Complaint against Defendants AVENTURA KOSHER KINGDOM, INC.,

a Florida Profit Corporation and MICHAEL EINHORN, Individually (Collectively

"Defendants") and states as follows:

### JURISDICTION

1. This is an action by the Plaintiff and other similarly-situated employees for damages
   exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor
   Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to
   recover unpaid overtime and/or minimum wages, an additional equal amount as
   liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, AVENTURA KOSHER KINGDOM., INC having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, MICHAEL EINHORN., is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, AVENTURA KOSHER KINGDOM INC.

6. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff JOSE GALDAMEZ was employed by Defendant from approximately January 6, 2016 to February 2016, as a non-exempt employee.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would

be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. During the time period referenced above, Defendant failed to compensate Plaintiff the required overtime and/or minimum wages at a rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week.

12. Plaintiff claims there are other similarly situated current and former employees working, or previously working, for Defendants/Defendant.

13. Plaintiff and other similarly-situated current and former employees performed similarly duties for Defendants/Defendant and were subject to similar policies as to compensation.

14. Plaintiff and other similarly-situated current and former employees of Defendants/Defendant would benefit from joining this collective action alleged herein.

15. During the relevant time period Plaintiff JOSE GALDAMEZ performed approximately twenty (20) hours of overtime each week for which Defendants failed to pay Plaintiff at one-and-one-half times his regular rate of pay.

16. During the relevant time period Plaintiff was paid thirteen ($13.00) for hours worked every week.

17. At all times material hereto Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

18. Therefore, Plaintiff JOSE GALDAMEZ's overtime rate is $19.50 [$13.00 (hourly rate) (x) 1.5=$19.50]. Plaintiff seeks this rate for each of Plaintiff's approximate twenty (20) hours of overtime weekly.

19. As such, Plaintiff is owed approximately $1,170.00 [$19.50 (overtime rate) (x) 20 (hours of overtime) (x) 3 weeks in unliquidated overtime wages).

20. Therefore, from on or about January 6, 2016 to February 2016, Plaintiff is owed approximately $1,170.00 in unpaid unliquidated overtime wages, plus an additional equal amount as liquidated damages, totaling $2,340.00.

### COUNT I
*Wage & Hour Federal Statutory Violation Against*
*AVENTURA KOSHER KINGDOM INC*

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

22. This action is brought by Plaintiff and other similarly-situated employees to recover from Defendant unpaid overtime and/or minimum wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207(a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

23. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

24. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state

lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

25. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

26. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

27. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

28. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

29. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime and/or minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

30. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and/or minimum wages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and/or minimum wages compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

F. Plaintiff is requesting punitive damages;

G. Grant Plaintiff a Trial by Jury.

<u>**COUNT II**</u>
*Wage & Hour Federal Statutory Violation Against MICHAEL EINHORN*
*(Non-Payment of Wages)*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20, of this Complaint as if set out in full herein.

32. At the times mentioned, Defendant **EINHORN** was, and is now, a corporate officer of corporate Defendant **AVENTURA KOSHER KINGDOM INC.**

33. Defendant **EINHORN** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Defendant **EINHORN** acted directly in the interests of the corporate Defendant-employer in relation to the employees of the corporate Defendant-employer, including Plaintiff.

34. The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"[1]

35. Based on this broad definition, Defendant **EINHORN**, in his status as a corporate officer with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for unpaid wages."[2]

36. Defendant **EINHORN** willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages.

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant **EINHORN**:

A. Adjudge and decree that Defendant **EINHORN** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant **EINHORN** is an individual with operational control and is, thus, jointly and severally liable under the FLSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

---

[1] *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir. 2011)
[2] *Patel v. Wargo,* 803 F.2d 632, 637-38 (11th Cir.1986)

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the

   circumstances; and

G. Grant Plaintiff a Trial by Jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _____9-6-16_____

Respectfully submitted,

_____

**Jason S. Remer, Esq.**
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN

I, _Jose Galdanne_ hereby consent, in accordance with 29 U.S.C. §216(b) of

the Fair Labor Standards Act, to become a party plaintiff in this action against my employer,

Aroma market & catering

_KOSHER Kingdom_ and to be represented by the attorneys of REMER &

GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami,

Florida 33130.

Sign Name: _____   x Date: _6/30/16_

Print Name: _Jose Galdanez_