**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO.: 1:16-cv-24345**

JOSE GALDAMEZ,

        Plaintiff,

v.

AVENTURA KOSHER KINGDOM, INC.,
a Florida Profit Corporation and
MICHAEL EINHORN, Individually.

        Defendants.

_____/

## DEFENDANTS' ANSWER AND STATEMENT OF AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, Aventura Kosher Kingdom, Inc. and Michael Einhorn ("Defendants"), by and through their undersigned counsel file their Answer and Statement of Affirmative Defenses to the Amended Complaint filed by Plaintiff, Jose Galdamez ("Plaintiff"), and state as follows:

### JURISDICTION

1.      Defendants aver that Plaintiff purports to bring this action for damages exceeding $15,000 pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime and/or minimum wages, liquidated damages, declaratory relief, and attorneys' fees and costs, but deny that Plaintiff is entitled to any damages or relief herein.

2.      Defendants neither admit nor deny the allegations contained in Paragraph 2 of the Amended Complaint as they call for a legal conclusion to which no response is required.

3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Amended Complaint, except aver that Plaintiff resided in Miami-Dade County Florida during his employment with Defendant.

4.    Defendants admit the allegations contained in Paragraph 4 of the Amended Complaint.

5.    Defendants deny the allegations contained in Paragraph 5 of the Amended Complaint, except admit that Defendant, Michael Einhorn is a corporate officer of Defendant, Aventura Kosher Kingdom.

6.    Defendants neither admit nor deny the allegations contained in Paragraph 6 of the Amended Complaint as they call for a legal conclusion to which no response is required, except deny that any actions occurred which give rise to the allegations in the Amended Complaint and aver that Plaintiff was employed by Defendant, Aventura Kosher Kingdom, in Miami Dade County.

7.    Defendants aver that Plaintiff seeks declaratory, injunctive, legal and equitable relief, and attorneys' fees, costs, and damages, but deny that Plaintiff is entitled to any damages or relief herein.

8.    Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.    Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint as Plaintiff was employed from January 2, 2016 until his voluntary resignation on March 15, 2016 for a total of eleven (11) weeks.

CASE NO.: 1:16-cv-24345

10.     Defendants deny the allegations contained in Paragraph 10 of the Amended Complaint, except aver that Defendant, Aventura Kosher Kingdom properly paid Plaintiff for all hours worked in compliance with all state and federal laws.

11.     Defendants deny the allegations contained in Paragraph 11 of the Amended Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Amended Complaint, except aver that Plaintiff was paid $12.00 per hour for each hour worked up to 40 hours during his first eight (8) weeks of employment and was paid $13.00 per hour for each hour worked up to 40 hours during his last three (3) weeks of employment.

17.     Defendant admits it had knowledge of the hours Plaintiff worked each week and that Plaintiff was properly paid for all hours worked in compliance with state and federal laws.

18.     Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint, except aver that Plaintiff seeks $19.50 per hour for twenty (20) hours of overtime per week, but deny that Plaintiff is entitled to any damages or relief herein.

19.     Defendants deny the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Amended Complaint.

## COUNT I
### Wage & Hour Federal Statutory Violation Against
### AVENTURA KOSHER KINGDOM

21.     Defendants re-assert and incorporate each and every response to Plaintiff's allegations contained in Paragraphs 1 through 20 of the Amended Complaint as though fully set forth herein.

22.     Defendants aver that Plaintiff purports to bring this action, on behalf of himself and other similarly-situated employees, to recover unpaid overtime and/or minimum wages, as well as liquidated damages, costs, and attorneys' fees under the FLSA, 29 U.S.C. § 201, *et seq.*, but deny that Plaintiff and the unidentified similarly-situated employees are entitled to any damages or relief from Defendants under the FLSA or any other law.

23.     Defendants neither admit nor deny the allegations contained in Paragraph 23 of the Amended Complaint as they call for a legal conclusion to which no response is required.

24.     Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Defendants admit that Aventura Kosher Kingdom's annual gross revenue exceeded $500,000, but deny the remaining allegations contained in Paragraph 25 of the Amended Complaint.

26.     Defendants neither admit nor deny the allegations contained in Paragraph 26 of the Amended Complaint as they call for a legal conclusion to which no response is required.

27.     Defendants aver that Plaintiff seeks to recover unpaid wages, but deny that Plaintiff is owed any unpaid wages and that Plaintiff is entitled to any damages or relief herein.

28.     Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in the unnumbered "Wherefore" clause following Paragraph 30 of the Amended Complaint, including its subparts A.-G.

## COUNT II
### Wage & Hour Federal Statutory Violation Against MICHAEL EINHORN
### (Non-Payment of Wages)

31.     Defendants re-assert and incorporate each and every response to Plaintiff's allegations contained in Paragraphs 1 through 20 of the Amended Complaint as though fully set forth herein.

32.     Defendants admit the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Defendants neither admit nor deny the allegations contained in Paragraph 33 of the Amended Complaint as they call for a legal conclusion to which no response is required.

34.     Defendants neither admit nor deny the allegations contained in Paragraph 34 of the Amended Complaint as they call for a legal conclusion to which no response is required and state that the FLSA speaks for itself.

35.     Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in the unnumbered "Wherefore" clause following Paragraph 36 of the Amended Complaint, including its subparts A.-G.

## JURY DEMAND

Defendants aver that Plaintiff has demanded a trial by jury, but deny there exist any triable issues in this matter.

Defendants deny each and every allegation of fact, conclusion of law, or other matter contained in the Amended Complaint that has not been expressly admitted in this pleading.

## STATEMENT OF AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for liquidated damages should be denied, in whole or in part, because Defendant, Aventura Kosher Kingdom's actions were neither willful nor reckless, but

were taken in good faith, and Defendant, Aventura Kosher Kingdom had reasonable grounds for believing its acts or omissions were not violations of the FLSA.

## SECOND AFFIRMATIVE DEFENSE

To the extent that the time for which Plaintiff alleges he was not compensated involves only insubstantial or insignificant periods of time, these periods of time are *de minimis* and are not compensable under the FLSA pursuant to 29 C.F.R. § 785.47.

## THIRD AFFIRMATIVE DEFENSE

Defendants seek a good faith extension of the law, such that Plaintiff's FLSA claims are barred, in whole or in part, based on the principles set forth in Faragher v. City of Boca Raton, 524 U.S. 775 (1998), that Defendant Aventura Kosher Kingdom exercised reasonable care to prevent and promptly correct any FLSA violation, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise. Defendant Aventura Kosher Kingdom acted, and continues to act, in conformity with and in reliance on all applicable law(s), rule(s), and/or regulation(s).  Plaintiff received proper compensation from Defendant during his employment.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent facts reveal in discovery that they are barred by doctrines of estoppel, waiver, release, unclean hands, laches, and such other equitable defenses as are permitted by applicable law.  Specifically, Plaintiff was responsible for clocking in and out, reviewing and approving his work hours for which Defendant, Aventura Kosher Kingdom would return compensation. His claims under the FLSA are barred by the doctrine of estoppel to the extent that he seeks compensation for hours of work which contradict his prior representations regarding the hours he worked made during his employment.

CASE NO.: 1:16-cv-24345

## FIFTH AFFIRMATIVE DEFENSE

For some or all of the claims asserted, individual issues of fact or law predominate over common issues.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that the period of time alluded to in Plaintiff's Amended Complaint, or any period of time alleged later in this action, predates the limitations period set forth in 29 U.S.C. § 255(a), such claims are barred. This defense also may apply to the claims of some or all of the other unidentified similarly-situated persons.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend and/or add any additional affirmative defenses or counterclaims which may become known during the course of discovery.

WHEREFORE, Defendants respectfully requests that this Court: (a) dismiss this action in its entirety with prejudice: (b) award Defendants their costs, including reasonable attorneys' fees and disbursements, incurred in defense thereof; and (c) grant such other and further relief as this Court deems just and proper.

Dated: October 14, 2016

Respectfully submitted,

By: s/Jennifer A. Schwartz
Jennifer A. Schwartz, Esq.
Florida Bar No. 502431
E-mail: jennifer.schwartz@jacksonlewis.com
Naveen Paul, Esq.
Florida Bar No. 98059
E-mail: naveen.paul@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  305-577-7600
Facsimile:   305-373-4466
*Counsel for Defendants*

8

CASE NO.: 1:16-cv-24345

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of October 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on the counsel of record identified on the below Service List in the manner specified.

s/Naveen Paul
Naveen Paul, Esq.

## SERVICE LIST

**United States District Court for the Southern District of Florida**
*Jose Galdamez v. Aventura Kosher Kingdom, Inc., et al.*

**Case No. 1:16-cv-24345**

Jason S. Remer, Esq. (0165580)
E-mail: jremer@rgpattorneys.com
Brody M. Shulman, Esq. (092044)
E-mail: bshulman@rgpattorneys.com

REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

**ATTORNEYS FOR PLAINTIFF**

Jennifer A. Schwartz, Esq. (502431)
*Jennifer.schwartz@jacksonlewis.com*
Naveen Paul, Esq. (98059)
*Naveen.paul@jacksonlewis.com*

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.:  (305) 577-7600
Fax:  (305) 373-4466

**ATTORNEYS FOR DEFENDANTS**